IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARKUS J. THOMAS, ROBERT W. PROUDFOOT | : | CIVIL ACTION |
| F. SCOTT WINSLOW, HAROLD FORD and | : | |
| HOWARD I. WATSON | : | |
| v. | : | |
| MARK SCHWEIKER, et al. | : | NO. 02-4470 |

ORDER

AND NOW, this            day of July, 2002, it appearing that five prisoners have attempted to file one single petition in this court for Habeas Corpus relief under 28 U.S.C. §2254, and

it further appearing that the challenges to custody raised by these five prisoners who have attempted to file this single lawsuit may involve different facts, different evidence, different defenses and different legal theories, it is hereby

ORDERED that the case of Markus J. Thomas v. Schweiker, et al. shall remain assigned number 02-cv-4470 in this court, and that the single five dollar fee paid by these five prisoners shall be credited to Markus J. Thomas's case (02-cv-4470), and, it is further

ORDERED that the Clerk shall assign four new civil action numbers to the individual claims brought by Proudfoot, Winslow, Ford and Watson, and, that all five of these civil actions shall remain on my calendar, and, it is further

ORDERED that whereas none of these five prisoners have used the current standard 28 U.S.C. §2254 form, effective August 1, 2001, as required by Local Civil Rule 9.3, that the Clerk of Court shall furnish the five petitioners with the current forms for filing a petition pursuant to 28 U.S.C. §2254, each bearing its own individual civil action number, and, it is further

ORDERED that petitioners shall each individually complete these forms as directed by Local Civil Rule 9.3 (that is, by setting forth his entire argument on the forms, without recourse to any attachments) and return them to the Clerk of Court within thirty (30) days, together (in the cases of Proudfoot, Winslow, Ford and Watson) with either a completed in forma pauperis application or a check for five dollars, or else any or all of the five civil actions will be dismissed.

JOHN R. PADOVA, J.