IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARKUS J. THOMAS                    :          CIVIL ACTION
                                    :
          v.                        :
                                    :
COMMONWEALTH OF                     :
  PENNSYLVANIA, et al.              :          NO. 02-4470

REPORT AND RECOMMENDATION

JACOB P.  HART                               DATE:  November 22, 2002
UNITED STATES MAGISTRATE JUDGE

        This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by an

individual currently incarcerated at the State Correctional Institute at Camp Hill, Pennsylvania.

For the reasons that follow, I recommend that the petition be dismissed.

I.        Factual and Procedural Background

        On August 19, 2002, Markus Thomas pleaded guilty to burglary in the Court of Common

Pleas for Chester County.  Guilty Plea Colloquy, unnumbered entry in Docket.  He was sentenced

to 6-12 years incarceration.  Sentencing Sheet, entered as Docket Entry No. 26.

        A week later, on August 27, 2002, Thomas filed a *pro se* motion to modify his sentence.

In his motion, he argued that the sentencing judge's consideration of earlier convictions from

1978, 1985 and 1987 to enhance his sentence represented an *ex post facto* application of the

Pennsylvania sentencing guidelines, because the sentencing guideline statute was only made

effective on April 25, 1988.  Docket Entry No. 27.  The motion was quickly denied.  Order of

August 28, 2002, entered as Docket Entry No. 28.

Even prior to the entry of his guilty plea, on August 14, 2002, Thomas filed the present petition seeking habeas corpus relief on essentially the same basis that he raised in his motion before the Common Pleas Court to modify his sentence:

> The Chester County Court of Common Pleas are [*sic*] using prior convictions to give petitioners points on the prior record score, a sentencing scheme under State Penal Code 204 Pa. Code § 303.1 *et seq*. These Crimes were committed before the enactment of the law ... For a criminal law to be *ex post facto*, it must apply to events occurring before its enactment an it must disadvantage persons affected by it, and increase punishment.

Petition at ¶ 12 A.

I.    <u>Discussion</u>

A.    <u>The Custodial Requirement of § 2254</u>

Based on the foregoing, it appears that, in his petition, Thomas intended to challenge the as-yet-undetermined sentence he expected to receive on his 2001 offenses. However, he was not yet convicted at the time he filed his petition. Such an action is not contemplated by the habeas corpus statute, which provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of **a person in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Since, at the time Thomas filed his petition, he was not in custody pursuant to the judgment of a state court, he failed to meet the custodial requirement of § 2254, and the Court lacks subject matter jurisdiction over his petition.

B.    Exhaustion

Even if Thomas had met the custodial requirement of § 2254, his petition would be subject to dismissal for lack of exhaustion.  A federal court will not address the merits of claims presented in a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995); Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994).  The doctrine of exhaustion is based on principles of comity between federal and state courts.  Banks v. Horn, 126 F.3d 206, 213 (3d Cir. 1997); Gibson v. Scheidmantel, 805 F.2d 135, 141 (3d Cir. 1986).

The claim Thomas has set forth in his habeas corpus petition was presented only to the Court of Common Pleas for Chester County, in his motion to modify his sentence.  Thomas never pursued the remedy of a direct appeal, or of a collateral appeal under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § § 9541 et seq.

This Court may excuse the exhaustion requirement where it would be futile for the petitioner to present his claim in the state court.  Toulson v. Beyer, 9987 F.2d 984, 987 (3d Cir. 1993).  Here, however, since Thomas was sentenced in August, 2002, he is still within the one-year-from-conviction deadline set by the PCRA for filing a petition under that statute.  42 Pa. C.S.A. § 9545(b)(1).  There is no reason, therefore, to conclude that appeal would be futile.  Accordingly, even if Thomas's petition were not properly dismissed for lack of subject matter jurisdiction, as discussed above, the petition would be subject to dismissal for failure to exhaust his state remedies.

Accordingly, I enter the following:

RECOMMENDATION

AND NOW, this      22nd      day of November, 2002, it is RESPECTFULLY
RECOMMENDED that the instant petition be DISMISSED.  There is <u>no</u> basis for the issuance
of a certificate of appealability.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARKUS J. THOMAS              :      CIVIL ACTION
                                     :
        v.                         :
                                     :
COMMONWEALTH OF           :
 PENNSYLVANIA, et al.         :      NO. 02-4470

O R D E R

JOHN R. PADOVA, J.

      AND NOW, this           day of                     , 2001, upon careful

and independent consideration of the petition for writ of habeas corpus, and after review of the

Report and Recommendation of United States Magistrate Judge Jacob P. Hart, it is ORDERED

that:

       1.       The Report and Recommendation is APPROVED and ADOPTED.

       2.       The above-captioned petition for writ of habeas corpus is DISMISSED.

       3.       There is <u>no</u> basis for the issuance of a certificate of appealability.

                                             BY THE COURT:

                                     _____

                                     JOHN R. PADOVA, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARKUS J. THOMAS         :     CIVIL ACTION
                                 :
     v.                        :
                                 :
COMMONWEALTH OF       :
 PENNSYLVANIA, et al.     :     NO. 02-4470

O R D E R

AND NOW, this    22nd   day of November, 2002, upon consideration of petitioner

Markus J. Thomas's Motion for Appointment of Counsel, I find that the interests of justice

would not be furthered by the appointment of counsel in this matter.  See Rule 8 of Rules

Governing § 2254 Cases in the United States District Courts.  It is therefore

ORDERED that Thomas's Motion for Appointment of Counsel is DENIED.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE