IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARKUS J. THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | NO. 02-4470 |

**O R D E R**

**AND NOW**, this 19th day of March, 2003, upon careful and independent consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 4), the response thereto, and after review of the Report and Recommendation of the United States Magistrate Judge Jacob P. Hart, and in consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 14), and the Record before the Court, **IT IS HEREBY ORDERED** that Petitioner's Objections to the Report and Recommendation are **OVERRULED**; the Report and Recommendation is **APPROVED** and **ADOPTED** in part, as described below; and the Petition for Writ of Habeas Corpus is **DENIED**.[1]

---

[1] *Pro se* Petitioner Markus J. Thomas filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with four other individuals on July 3, 2002. On July 16, 2002, the Court ordered that by August 15, 2002, the petitioners shall individually complete forms for filing a petition pursuant to 28 U.S.C. § 2254 and that each petition will bear its own individual civil action number. On August 14, 2002, Petitioner filed the habeas corpus forms as requested by the Court (the "Petition"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 72.1, the Court referred the Petition to United States Magistrate Judge Jacob P. Hart ("Magistrate Judge") for a report and recommendation. On November 11, 2002, the Magistrate Judge filed a

report and recommendation (the "Report") recommending that the Petition be denied in all respects. On December 30, 2002, the Court adopted the Report in its entirety, without de novo review because Petitioner did not file timely objections pursuant to Local Civil Rule 72.1 IV (b), and dismissed the Petition. Thereafter, the Court received Petitioner's objections, which Petitioner argues were late due to his transfer from one prison to another and his mail being forwarded. Accordingly, the Court will now consider Petitioner's objections to the Report.

Where a habeas petition has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [The court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b) (1994). Accordingly, the Court conducts a de novo determination of the issues raised in Petitioner's objections.

In his Petition, Petitioner alleges that the Chester County Court of Common Pleas applies the state sentencing scheme under "state penal code 204 Pa. Code 303.1 et seq." retroactively, creating an ex post facto law in violation of the United States Constitution. (Pet. at ¶ 12A.) Specifically, he alleges that the Chester County Court of Common Pleas uses "prior convictions to give petitioners points on the prior record score, a sentencing scheme under state Penal Code 204 Pa. Code 303.1 et seq," but that the crimes were committed before the enactment of this law. (Id.) At the time Petitioner filed the Petition, he was not yet sentenced. Thus, it appears that in his Petition, he intended to challenge the as-yet determined sentence he expected to receive. Petitioner pled guilty on August 14, 2002, and was sentenced on August 19, 2002.

In his Report, the Magistrate Judge held that the Court lacked subject matter jurisdiction over the Petition pursuant to 28 U.S.C. § 2254 because when he filed his Petition, Petitioner was not yet in custody pursuant to the judgment of a state court. Section 2254 provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The Magistrate Judge found: "Since, at the

2

---

time Thomas filed his petition, he was not in custody pursuant to the judgment of a state court, he failed to meet the custodial requirement of § 2254, and the Court lacks subject matter jurisdiction over his petition." (Report at 2.) The Magistrate Judge did not refer to which dates he used to reach this determination. Petitioner objects to this finding, arguing that he was in custody "as of August 19, 2002." (Pet.'s Objection.) Petitioner's original Petition was filed July 3, 2002. According to the docket, it was subsequently refiled on August 14, 2002, the same day that Petitioner pled guilty, and five days before he was sentenced. Although Petitioner signed the date "August 12, 2002," on his Petition, it was docketed with the Court on August 14, 2002. Since the Petition was filed on August 14, 2002, the same day Petitioner pled guilty, the Court will give Petitioner the benefit of the doubt and count the Petition as being filed "after" he pled guilty, making him "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. Notwithstanding, the Petition still fails.

The Magistrate Judge also found that the Petition would fail pursuant to 28 U.S.C. § 2254 for failure to exhaust remedies available in the state courts. Section 2254 provides that a federal court will not address the merits of claims presented in a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995); Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994). Petitioner objects, arguing that he believes "that no state remedies existed for [him] . . . [and that] the state lack [sic] subject matter jurisdiction because a federal question is involved here under ex post facto clause of the federal Constitution." (Pet.'s Objection.)

As the Magistrate Judge noted, the claim set forth in the Petition was presented only to the Court of Common Pleas for Chester County in a motion to modify sentence, which Petitioner filed *pro se* on August 27, 2002, and which was denied on August 28, 2002. Petitioner never pursued the remedy of a direct appeal, or of a collateral appeal under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq. Therefore, he has failed to exhaust the remedies available in state court.

The Court may excuse the exhaustion requirement where it would be futile for the petitioner to present his claim in state court. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). Because Petitioner was sentenced in August, 2002, he is still within the one-year-from-conviction deadline set by the PCRA for filing a petition under that statute. 42 Pa. C.S.A. § 9545(b)(1). Accordingly, there is no reason to conclude that an appeal in state court would be futile. Accordingly, Petitioner's objections are

3

There is no basis for the issuance of a certificate of appealability. This case shall be closed for statistical purposes.

BY THE COURT:

_____
John R. Padova, J.

---

overruled and the Petition is dismissed for failure to exhaust state remedies.